# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KATHLEEN FINCH,
        Plaintiff,

v.                                                                                                       Case No. 08C0325

WISCONSIN AUTO TITLE LOANS, INC.,
        Defendant.

## DECISION AND ORDER

Plaintiff Kathleen Finch borrowed money from defendant, Wisconsin Auto Title Loans, Inc., and subsequently sued defendant in state court, alleging violations of the Wisconsin Consumer Act, other Wisconsin statutes and Wisconsin common law. Defendant removed the action, and plaintiff now asks me to remand the case to state court based on the absence of federal question jurisdiction.[1]

## I.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action where "the district courts of the United States have original jurisdiction." District courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a civil action arises under federal law, courts apply the well-pleaded complaint rule, under which they will find federal jurisdiction only when the plaintiff's properly pleaded complaint presents a federal question on its face. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule (and ignoring its corollaries and exceptions), a court will not find federal jurisdiction unless: (1) federal law

---

[1] The parties are not diverse, and thus I do not have diversity jurisdiction.

creates one of the plaintiff's causes of action, or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). In the present case, defendant argues both that federal law creates one of plaintiff's causes of action and that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. I consider each of defendant's contentions in turn.

### A.     Federal Cause of Action

Plaintiff's complaint contains six causes of action, all of which are labeled as claims arising under state law. However, defendant contends that plaintiff's first cause of action, which alleges violations of the Wisconsin Consumer Act ("WCA"), Wis. Stat. chs. 421-427, also alleges a cause of action under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and thus confers federal jurisdiction. To enable the reader to understand defendant's argument, I must more fully explain plaintiff's claim.

Plaintiff obtained a short-term "auto title" loan of $660 and used her car as security for the loan. Plaintiff alleges that in addition to charging her 300 percent interest and taking possession of her auto title and car keys, defendant required her to purchase a one-year membership in the Continental Car Club for $150. Plaintiff further alleges that §§ 422.202(2s)(a)3 and 422.202(3) of the WCA require creditors to treat the cost of a mandatory car-club membership as part of the finance charge rather than as principal, but that defendant treated the $150 as principal. Thus, the theory of plaintiff's claim is that defendant violated the above-referenced sections of the WCA by treating the cost of the mandatory membership as principal.

2

Case 2:08-cv-00325-LA     Filed 11/05/08     Page 2 of 10     Document 23

However, plaintiff also alleges that by treating the $150 membership fee as principal, defendant necessarily violated another provision of the WCA, Wis. Stat. § 422.301, which, according to plaintiff, incorporates TILA's requirement to accurately disclose the finance charge and annual percentage rate ("APR").[2] Plaintiff argues that by mischaracterizing the $150 membership as principal rather than finance charge, defendant's TILA disclosures were necessarily inaccurate – and therefore in violation of Wis. Stat. § 422.301 – because they disclosed a finance charge and APR that were too low.

Defendant argues that by alleging that it made inaccurate TILA disclosures, plaintiff has pleaded a cause of action under TILA. However, this argument ignores that plaintiff makes clear that she bases her cause of action exclusively on state law – namely, the WCA. Plaintiff does not assert a separate TILA claim but relies on the WCA's incorporation of TILA into <u>state</u> law. Defendant's argument also ignores that under the well-pleaded complaint rule, plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar Inc.</u>, 482 U.S. at 392; <u>see also</u> <u>Franchise Tax Bd.</u>, 463 U.S. at 22 ("we have often repeated that 'the party who brings the suit is master to decide what law

---

[2]Wis. Stat. § 422.301 provides as follows:

> In addition to the disclosures required by the federal consumer credit protection act, if any, the creditor shall disclose to the customer to whom credit is extended the information required by this subchapter. With respect to every consumer credit sale payable in installments (s. 421.301 (30)) upon which no separate finance charge is stated or imposed (s. 421.301 (20)) the creditor shall make disclosures in accordance with the federal consumer credit protection act, to the extent applicable, whether or not such act requires such disclosures to be made.

Plaintiff's argument is that disclosure of the correct finance charge and APR are "disclosures required by the federal consumer credit protection act [i.e., TILA]."

3

he will rely upon'"). Even if the facts alleged in support of an asserted state-law claim would also support a federal claim, the plaintiff may eschew the federal claim and remain in state court. Holmes Group, Inc. v. Vornado Air Circulation Sys,, Inc., 535 U.S. 826, 831 (2002); Caterpillar Inc., 482 U.S. at 398-99; see also Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 12 (2003) (Scalia, J., dissenting) ("A federal question 'is presented' when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would also support a federal claim.").

I note that insofar as the well-pleaded complaint rule enables a plaintiff to shun federal law and rely exclusively on state law, it coexists uneasily with federal notice pleading standards, under which a complaint need not identify a source of law or a legal theory. See, e.g., Hefferman v. Bass, 467 F.3d 596, 599 (7th Cir. 2006) ("The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories."). Rather, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and from this short and plain statement the court will identify the source of law – state or federal (or both) – that supplies the cause of action.[3] Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc., 272 F.3d 912, 915 (2001) ("In our notice-pleading regime . . . the district court looks past the surface allegations to make its own assessment of what law the claim arises under."). Accordingly, under notice-pleading standards, by alleging facts that are

---

[3] In the removal context, the plaintiff will have filed the complaint in state court, where the Federal Rules of Civil Procedure do not apply. However, many states, including Wisconsin, have adopted notice pleading. See, e.g., Liebovich v. Minn. Ins. Co., 751 N.W.2d 764, 776 (Wis. 2008) ("Wisconsin is a notice pleading state."). Thus, many complaints in removed cases will have been drafted under notice-pleading standards.

4

consistent with a federal claim, the plaintiff could be said to have pleaded a federal claim, even if he or she intended to plead only a state claim and referenced only state law. In the present case, for instance, although plaintiff clearly intended to assert only a WCA violation, her allegations are consistent with a TILA claim. Had plaintiff filed her complaint in federal court and defendant moved to dismiss for failure to allege a TILA claim, I likely would have denied the motion because, under notice pleading, the complaint would have stated a TILA claim. Thus, although a plaintiff may eschew a federal claim even if he or she pleads facts consistent with such a claim, it is not entirely clear <u>how</u>, under notice pleading, a plaintiff goes about doing so.

As it turns out, however, Supreme Court precedent supplies the answer. Although under notice-pleading standards a plaintiff need not plead a legal theory, a court addressing whether a complaint arises under federal law must accept any theory that the plaintiff has pleaded. As the Court explained in <u>Caterpillar</u>, district courts applying the well-pleaded complaint rule must accept the set of facts pleaded in the complaint <u>along with the "legal characterization of those facts."</u> 482 U.S. at 397 (emphasis added).[4] The Court also made this point in <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, holding that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." 478 U.S. 804, 810 n.6 (1986). Thus, when considering whether a complaint states a claim, a

---

[4]Of course, under the "artful pleading" doctrine, a court need not defer to a legal theory pleaded with the intent to avoid an unavoidable federal issue, but artful pleading is only a concern when the plaintiff has no choice but to assert a federal claim (such as in the complete preemption arena), and drafts his or her complaint in an attempt to conceal the federal nature of the claim. <u>Caterpillar, Inc.</u>, 482 U.S. at 397 & n.11 ("'Although occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, . . . most of them correctly confine this practice to areas of the law pre-empted by federal substantive law.'").

5

court may ignore legal theories, but if the complaint includes a legal theory, a court determining whether a claim arises under federal law must accept it. If a complaint does not include a legal theory but contains allegations consistent with both state and a federal causes of action, a court must use other methods to determine whether the action arises under federal law. See, e.g., Vitarroz Corp. v. Borden, Inc., 644 F.2d 960, 963-65 (2d Cir. 1981) (holding that where plaintiff pleads facts consistent with both state and federal causes of action and does not identify a legal theory, court can infer from plaintiff's failure to file motion to remand that plaintiff intended to plead a federal cause of action).

In the present case, plaintiff has chosen to plead legal theories, all of which rely exclusively on state law. She has therefore eschewed any potential federal cause of action.[5]

## B. Substantial Question of Federal Law

Defendant also argues that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. The Supreme Court has stated that this second form of "arising under" jurisdiction "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience,

---

[5]As defendant points out, it may be that the WCA does not incorporate TILA, and that if plaintiff is to succeed on her claim, she must rely on a TILA cause of action. But that is a question that goes to the merits of the case rather than jurisdiction. Having eschewed TILA, plaintiff will lose her case if TILA provides her only path to victory. But because TILA does not completely preempt state law, whether plaintiff wins or loses must be determined in state court. See Beneficial Nat'l Bank, 539 U.S. at 12 (Scalia, J., dissenting) (stating that except under doctrine of complete preemption, plaintiff will not be deemed to have pleaded a federal cause of action even if "the facts alleged in support of an asserted state-law claim do not support a state-law claim and would only support a federal claim").

6

solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, the Court has been careful to explain that only exceptional cases will raise such substantial federal questions, and it has "sh[ied] away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." Id. at 313. The Court does not treat "'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Id. at 314. Instead, jurisdiction founded on a substantial federal question is limited to a "special," "small" and "slim" category of cases. Empire Healthchoice, 547 U.S. at 699, 701. A substantial federal question might be present if the federal issue "present[s] a nearly 'pure question of law,' one 'that could be settled once and for all and thereafter would govern numerous . . . cases.'" Id. at 700. But a substantial federal question is not present when the federal issue is "fact-bound and situation-specific." Id. at 700-01.

In the present case, plaintiff's complaint does not raise a substantial federal question. The gravamen of the complaint is that defendant violated the WCA by treating the mandatory membership fee as principal rather than finance charge. Whether defendant was required to treat the membership fee as part of the finance charge is entirely a question of state law. Federal law is relevant only to the subsidiary question of whether characterizing the membership fee as part of the principal rendered defendant's TILA disclosures inaccurate in violation of Wis. Stat. § 422.301. That is, because Wis. Stat. § 422.301 requires defendant to make the disclosures required by TILA, a court will need to look at TILA to determine what disclosures are required by Wis. Stat. § 422.301. However, defendant could not seriously dispute that, as plaintiff alleges, TILA requires the

7

accurate disclosure of the finance charge and APR. See, e.g., Elizabeth Renuart & Kathleen Keest, Truth in Lending § 3.1.1 (6th ed. 2007) (stating that accurate disclosure of the finance charge and APR "are the two most important disclosures required under TILA"). Thus, this case presents no substantial issue of TILA interpretation – no "pure question of law" that could be settled once and for all and thereafter govern numerous federal cases. Empire Healthchoice, 547 U.S. at 700. Rather, the federal question is already well-settled, and all that remains is to apply it to the facts of the present case. Accordingly, there is no need to "resort to the experience, solicitude, and hope of uniformity" provided by a federal forum. Grable & Sons, 545 U.S. at 312. This case must be remanded to state court.

## II.

Plaintiff asks me to order defendant to reimburse her for the costs and attorneys' fees incurred as a result of defendant's removal. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In the absence of unusual circumstances, district courts may award attorney fees only where the removing party "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In articulating this standard, the Supreme Court observed that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Id. at 140. The purpose of awarding attorneys' fees in response to an improper removal is to "reduce[] the attractiveness of removal as a method of delaying litigation and imposing costs on the plaintiff." Id.

8

I conclude that defendant lacked an objectively reasonable basis for removing this case. As discussed above, neither variety of federal question jurisdiction lies. Further, no reasonable attorney would suppose that federal law creates plaintiff's first cause of action, since plaintiff clearly relies exclusively on a state-law legal theory.[6] Likewise, because the TILA issue embedded in plaintiff's WCA claim is well-settled, it would be objectively unreasonable to think that it is substantial. Indeed, defendant makes no attempt to argue that the TILA issue is substantial, arguing instead that the mere need to consult TILA creates federal jurisdiction. However, the Supreme Court has rejected the proposition that the mere need to apply federal law in the course of deciding a state-law claim creates federal question jurisdiction. See, e.g., Grable & Sons, 545 U.S. at 313-14. Thus, plaintiff is entitled to recover the costs and attorneys' fees that she incurred as a result of the removal.

### III.

**For the reasons stated,**

**IT IS ORDERED** that plaintiff's motion to remand is **GRANTED** and that the Clerk of Court immediately **REMAND** this action to the Milwaukee County Circuit Court.

**IT IS FURTHER ORDERED** that defendant pay the just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Plaintiff shall file a statement of such expenses within **14 days** of the date of this order. If defendant does not

---

[6]Although I noted the existence of tension between notice pleading and the well-pleaded complaint rule, in the present case such tension does not create a reasonable basis for removal. The principle that a plaintiff may eschew a potential federal cause of action is clearly established, and plaintiff's intent to eschew a claim under TILA is obvious under any standard for gauging such intent.

9

object to plaintiff's statement within **5 days**, I will direct the clerk to enter judgment in plaintiff's favor for the stated amount.

**FINALLY, IT IS ORDERED** that defendant's motion to compel arbitration and stay action is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 4 day of November, 2008.

/s_____
LYNN ADELMAN
District Judge